Case 1:21-cv-03027-WMR   Document 1-1   Filed 07/28/21   Page 1 of 13

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-04798-S4**
**7/1/2021 10:44 AM**
TIANA P. GARNER, CLERK

Exhibit A - Notice of Removal

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **TEMIKA SMITH-HARDEN, DOMINIQUE R. WALTON** and **NICOLE WILLIAMS,** | § § § § § § § § § § § § § § | CIVIL ACTION FILE NO.: **21-C-04798-S4** |
| Plaintiffs | | |
| v. | | |
| **PEPSICO, INC., JOHN DOE 1,** and **JOHN DOE 2,** | | |
| Defendants. | | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**JOSEPH A. ZDRILICH, ESQ.**
**The Zdrilich Law Group, LLC**
**Attorneys and Counselors at Law**
**3575 Koger Blvd., Suite 125**
**Duluth, Georgia 30096**

an answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __1ST__ day of July, 2021.

Tiana P. Garner, Clerk of State Court

BY: _____
Deputy Clerk

Case 1:21-cv-03027-WMR   Document 1-1   Filed 07/28/21   Page 2 of 13

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-04798-S4**
**7/1/2021 10:44 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| TEMIKA SMITH-HARDEN, DOMINIQUE R. WALTON, and NICOLE WILLIAMS, | § § § § § § § § § § § § § | CIVIL ACTION FILE NO.: **21-C-04798-S4** |
| Plaintiffs, | | |
| v. | | |
| PEPSICO, INC., JOHN DOE 1, and JOHN DOE 2, | | |
| Defendants. | | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COME NOW, Temika Smith-Harden, Dominique R. Walton and Nicole Williams, ("Plaintiffs"), and file this, their *Complaint for Damages and Demand for Jury Trial* against Defendants PepsiCo, Inc., John Doe 1 and John Doe 2. ("Defendants"), and respectfully shows this Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Temika Smith-Harden (hereinafter, "Plaintiff Smith-Harden") is a resident of the State of Georgia. Plaintiff subjects herself to the jurisdiction of this Court.

2.

Plaintiff Dominique R. Walton (hereinafter, "Plaintiff Walton") is a resident of the State of Georgia. Plaintiff subjects himself to the jurisdiction of this Court.

3.

Plaintiff Nicole Williams (hereinafter, "Plaintiff Williams") is a resident of the State of Georgia. Plaintiff subjects herself to the jurisdiction of this Court

4.

Defendant PepsiCo, Inc. (hereinafter, "Defendant" or "PepsiCo"), is a foreign corporation, organized in the State of North Carolina and transacting business in the State of Georgia. PepsiCo may be served through its registered agent, C T Corporation System at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805. This Defendant is subject to jurisdiction of this court and may be served with both a *Summons* and *Complaint* at said address.

5.

Defendant, John Doe 1 (hereinafter, "Defendant Doe 1") is an unknown individual, believed to be a resident of Georgia, who was operating a vehicle owned, leased, and/or managed by Defendant PepsiCo, and was responsible for the subject incident. When John Doe 1's identity is known, Plaintiff will amend this Complaint, properly identify Defendant Doe 1, and have Defendant Doe 1 served a *Summons* and a second original of this *Complaint*, as well as the *Amended Complaint* on John Doe 1.

6.

Defendant, John Doe 2 (hereinafter, "Defendant Doe 2"), upon information and belief, was Defendant John Doe 1's supervisor and/or the person responsible for the care and maintenance of the vehicle operated by John Doe 1 at the time of the subject incident. When Doe 2's identity is known, Plaintiff will amend this Complaint, properly identify Defendant Doe 2, and have Defendant Doe 2 served a *Summons* and a second original of this *Complaint*, as well as the *Amended Complaint* on Doe 2.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 2

7.

Venue is proper in this Court as to Defendants Doe 1 and Doe 2, pursuant to O.C.G.A. § 33-4-1 and other applicable laws.

8.

Plaintiffs elect to bring this action in Gwinnett County, Georgia, the venue where PepsiCo has located its registered agent for the State of Georgia, and shows that venue in the above-styled civil action is proper in this County and Court.

9.

Based upon the residency of Doe 1 and/or Doe 2, removal of this case to federal court is not appropriate. See, e.g., *Poll v. Deli Mmgt. Inc.*, No. *1:07-cv-0959-RWS, 2007 U.S. Dist. LEXIS 62564* (N.D. Ga. Aug. 24, 2007); *Stalvey v. Wal-Mart Stores East*, No. 5:10-cv-00206, 2010 WL4332439 (M.D. Ga. June 22, 2010); *Ott v. Wal-Mart Stores*, No. 5:09-cv-00215, 2010 U.S. Dist. LEXIS 13072 (M.D. Ga. Feb. 15, 2010); *Stephens v. Wal-Mart Stores East*, No. 5:09-cv-325, 2010 U.S. Dist. LEXIS 35506 (M.D. Ga. Apr. 12, 2010; *Mobley v. Wal-Mart Stores, Inc.*, No. 2:09-cv-3019, 2010 U.S. Dist. LEXIS 10783 (D.S.C. Feb. 8, 2010); *Mack v. Wal-Mart Stores, Inc.*, No. 1:07-cv-3105-RBH, 2007 U.S. Dist. LEXIS 79646 (D.S.C. Oct. 26, 2007). Inappropriate removals to federal court are subject to an award of fees, 28 U.S.C. § 1447(c). An award of fees is appropriate when the removing party lacks an objectively reasonable basis for seeking removal. In this situation, an award of fees does not require a showing of bad faith. *Poll*, 2007 U.S. Dist. LEXIS 62564 (N.D. Ga. Aug. 24, 2007).

## FACTS

10.

Plaintiffs re-allege and incorporate by reference Paragraphs 1-9 above as if they were fully restated verbatim herein.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 3

11.

The Motor Vehicle Collision (herein referred to as the "accident") giving rise to this action occurred in the northbound lanes of Interstate 75, in Bartow County, Georgia.

12.

On January 31, 2020, Plaintiff Smith-Harden was traveling northbound on Interstate 75, operating a 2014 Lexus sedan.

13.

Plaintiff Walton was a back-seat passenger in Plaintiff Smith-Harden's vehicle, a 2014 Lexus sedan.

14.

Plaintiff Williams was the front-seat passenger in Plaintiff Smith-Harden's vehicle, a 2014 Lexus sedan.

15.

At some time before the incident giving rise to this action, Defendant Doe 1 had been driving a 2006 Volvo tractor-trailer, VIN 4V4MC9EH5GN942316, leased and/or operated by Defendant PepsiCo.

16.

Defendant Doe 1 stated that the tire came off the 2006 Volvo truck, leased and/or operated by Defendant PepsiCo, and became disabled, and he parked the vehicle on the shoulder of the roadway on Interstate 75 northbound.

17.

The tire and debris from Defendant Doe 1's truck remained in the roadway and in the lane of travel at the time of the incident giving rise to this action.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 4

18.

While Plaintiff Smith-Harden was traveling on Interstate 75 Northbound behind Defendant Doe 1 and the debris from his vehicle left in the roadway, she struck the disabled tire that had fallen off of the Defendants' vehicle, as did several other vehicles also traveling northbound on Interstate 75.

19.

Plaintiff Smith-Harden's collision with the tire and/or any other debris from the Volvo truck leased and/or operated by Defendant PepsiCo caused significant damage to her vehicle at the time of impact and caused Plaintiff to lose control of her vehicle and to swerve to the left, causing further debilitating damage to her vehicle.

20.

After striking the tire and/or other debris, Plaintiff Smith-Harden's vehicle came to rest on the shoulder of Interstate 75 northbound.

21.

Plaintiffs contacted the police, who arrived at the scene and investigated the collision. The responding officer did not prepare a Georgia Motor Vehicle Crash Report.

22.

Plaintiff Smith-Harden complained of pain in her neck, lower back, left hip, and right knee.

23.

Plaintiff Walton complained of pain in the back of his head, neck, mid-back, and lower back.

24.

Plaintiff Williams complained of pain in her right shoulder, back of her head and lower back.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 5

25.

As a result of the subject collision, which was the proximate result of the negligence of the Defendant(s), Plaintiffs suffered, and continue to suffer, significant physical, mental, and emotional injuries, all for which they are entitled to recover under the law.

26.

Said injuries were not the result of any unavoidable occurrence, nor caused by any outside, contributory, comparative, or intervening negligence which would exculpate the Defendants from total and complete responsibility for such injuries.

## COUNT ONE - NEGLIGENCE

27.

Plaintiffs re-allege and incorporate by reference Paragraphs 1-26 above as if they were fully restated verbatim herein.

28.

At all relevant times, Defendant Doe 1 owed certain civil duties to the Plaintiffs. Notwithstanding those duties, Defendant Doe 1 did violate them in the following particulars:

a) In failing to make reasonable and proper observations while operating the vehicle; or if reasonable and proper observations were made, and failing to act thereon;

b) In driving and operating the vehicle without due caution and circumspection, and in a manner as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

c) In driving and operating the vehicle in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390;

d) In negligently failing to use emergency signals such as reflectors, reflective triangles, or flares, to warn Plaintiffs, in violation of 49 C.F.R. § 392.22;

e) In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 6

29.

Defendant Doe 1's violations of the aforementioned duties of care constitute negligence *per se*.

30.

Plaintiff Smith-Harden was not contributorily negligent in causing the accident that occurred on January 31, 2020.

31.

Plaintiff Walton was not contributorily negligent in causing the accident that occurred on January 31, 2020.

32.

Plaintiff Williams was not contributorily negligent in causing the accident that occurred on January 31, 2020.

33.

Defendant Doe 1 is liable for the injuries and damages Plaintiff suffered as a result of Defendant Doe 1's negligence, which damages will be determined by the enlightened conscience of an impartial jury based upon the evidence at trial.

## **COUNT TWO - IMPUTED LIABILITY**

34.

Plaintiffs re-allege and incorporate by reference Paragraphs 1-33 above as if they were fully restated verbatim herein.

35.

At the time of the subject collision, Defendant Doe 1 was an employee for Defendant PepsiCo.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 7

43.

As a direct and sole proximate result of the breaches of duty and negligence by Defendants, Plaintiffs sustained bodily injuries as a result of this accident.

44.

Defendants have refused to accept responsibility for their actions in causing this Motor Vehicle Collision.

45.

Defendants' negligence was the proximate cause of Plaintiffs' injuries in this accident.

46.

Plaintiff Smith-Harden has incurred reasonable and necessary medical expenses due to injuries received in this Motor Vehicle Collision totaling $13,533.25 to date, itemized as follows:

| AICA Orthopedics | $13,533.25 |
|---|---|
| Total Medical Bills Incurred to Date | $13,533.25 |

47.

Said medical expenses continue to accrue for Plaintiff Temika Smith-Harden's care, with an exact amount to be proven at trial.

48.

Plaintiff Walton has incurred reasonable and necessary medical expenses due to injuries received in this Motor Vehicle Collision totaling $9,202.50 to date, itemized as follows:

| AICA Orthopedics | $9,202.50 |
|---|---|
| Total Medical Bills Incurred to Date | $9,202.50 |

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 9

49.

Said medical expenses continue to accrue for Plaintiff Walton's care, with an exact amount to be proven at trial.

50.

Plaintiff Williams has incurred reasonable and necessary medical expenses due to injuries received in this Motor Vehicle Collision totaling $39,700.57 to date, itemized as follows:

| AICA Orthopedics | $22,084.28 |
| Summit Surgery Center of Buckhead, LLC | $17,616.29 |
| Total Medical Bills Incurred to Date | $39,700.57 |

51.

Said medical expenses continue to accrue for Plaintiff Williams' care, with an exact amount to be proven at trial.

52.

As a result of Defendants' negligence, Plaintiffs have suffered and will continue to endure physical and mental pain and suffering.

53.

Plaintiffs have endured pain and suffering which include: anxiety, shock, and worry.

54.

Plaintiffs can reasonably expect to experience future pain and suffering resulting from injuries that they sustained in this Motor Vehicle Collision.

55.

Plaintiffs avert that as a direct and proximate result of aforementioned acts of negligence on the part of the Defendants, through their agents, servants, or employees, the Plaintiffs were caused to suffer and incur the following injuries and damages:

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 10

a) Severe and permanent injuries caused by Defendants' negligence;

b) Pain, mental anguish, and suffering, both past and future;

c) Medical expenses, past and future in an amount to be proven at trial;

d) Permanent medical impairment; and

e) Loss of enjoyment of life.

56.

Plaintiffs show that an employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency, O.C.G.A. § 34-7-20.

57.

Plaintiffs show that Defendant PepsiCo's total lack of due diligence in hiring Defendant Doe 1 and in their failure to act upon information rises to the level of "willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences" so as to warrant a finding of punitive damages, pursuant to O.C.G.A. § 51-12-5.1(b).

58.

Defendant PepsiCo has, upon repeated inquiries from Plaintiffs, willfully withheld and refused to reveal the identity of their driver, Defendant Doe 1

59.

Due to their failure to accept responsibility for this incident, Defendants have acted in bad faith and have caused the Plaintiffs unnecessary trouble and expenses. As a result of Defendants' actions and/or inactions, Plaintiffs are entitled to receive expenses of litigation, including costs and reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11, and otherwise.

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 11

60.

By reason of the foregoing, Plaintiffs are entitled to recover compensatory damages from Defendants, in an exact amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray and demand as follows:

a) That Process and *Summons* issue, as provided by law, requiring Defendants to appear and answer Plaintiffs' *Complaint for Damages and Demand for Jury Trial*;

b) That service be perfected upon Defendants as provided by law;

c) That the Court award and enter a judgment in favor of Plaintiffs and against Defendants for compensatory damages and punitive damages in an amount to be proven at trial;

d) That Plaintiffs have a trial by a jury as to all issues; and

e) That Plaintiffs have such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 1st day of July, 2021.

THE ZDRILICH LAW GROUP, LLC

_____
JOSEPH A. ZDRILICH
State Bar of Georgia No.: 569248
Attorney for Plaintiffs

3575 Koger Blvd., Suite 125
Duluth, Georgia 30096
Phone: (770) 931-9604
Fax: (770) 931-9610
joseph@tzlawgroup.com

Temika Smith-Harden, Dominique R. Walton and Nicole Williams v. PepsiCo Inc et al.
State Court of Gwinnett County
*Complaint for Damages and Jury Demand*

Page | 12

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-04798-S4**
**7/1/2021 10:44 AM**
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of __GWINNETT__ County

| **For Clerk Use Only** | |
|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number __21-C-04798-S4__ |

**Plaintiff(s)**

SMITH-HARDEN, TEMIKA
Last          First          Middle I.    Suffix    Prefix

WALTON, DOMINIQUE R.
Last          First          Middle I.    Suffix    Prefix

WILLIAMS, NICOLE
Last          First          Middle I.    Suffix    Prefix

_____
Last          First          Middle I.    Suffix    Prefix

**Defendant(s)**

PEPSICO, INC.
Last          First          Middle I.    Suffix    Prefix

JOHN DOE 1
Last          First          Middle I.    Suffix    Prefix

JOHN DOE 2
Last          First          Middle I.    Suffix    Prefix

_____
Last          First          Middle I.    Suffix    Prefix

Plaintiff's Attorney __Joseph A. Zdrilich__    Bar Number __569248__    Self-Represented ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
Case Number                    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18